IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
                                                           :
NEW YORK UNIVERSITY,                                       :
                                                           :
                        Plaintiff,                         :
                                                           :
        -v-                                                :
                                                           :
AUTODESK, INC.,                                            :
                                                           :
                        Defendant.                         :
                                                           :
-----------------------------------------------------------x

**JUDGE RAKOFF**

**06 CV 5274**

Civil Action No.

COMPLAINT FOR
PATENT INFRINGEMENT

JURY TRIAL
DEMANDED

RECEIVED
JUL 1 2 2006
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff New York University, through its undersigned counsel, hereby complains and alleges against Autodesk, Inc., as follows:

**The Parties**

1.    Plaintiff, New York University ("NYU"), is a private not-for-profit educational institution in the United States of America, having its principal place of business at 70 Washington Square South, New York, New York 10012-1091.

2.    On information and belief, Defendant, Autodesk, Inc. ("Autodesk"), is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 111 McInnis Parkway, San Rafael, California 94093, and is registered with the Secretary of State of New York to conduct business in the State of New York.  At all times relevant hereto, Autodesk has been in the business of, inter alia,

developing and selling computer software applications, including computer animation software products, throughout the United States, including within this Judicial District.

## Jurisdiction and Venue

3.    This action arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.,* including 35 U.S.C. §§ 271 and 281.

4.    This Court has jurisdiction under 28 U.S.C. § 1338(a) because NYU seeks relief under the Patent Act, including remedies for patent infringement, and under 28 U.S.C. § 1331 because the action involves a federal question.

5.    This Court also has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.    Venue is proper under 28 U.S.C. §§ 1391(c) and 1400(b) because NYU resides in and has suffered injury in this district and because Autodesk has committed acts of patent infringement in this district and therefore resides in this district for purposes of venue.

## Facts

7.    United States Patent No. 6,115,053, entitled "Computer Animation Method And System For Synthesizing Human-Like Gestures And Actions" ("the '053 Patent"), was duly and legally issued on September 5, 2000. Since that date, NYU has

2

been and continues to be the owner of the '053 Patent. The '053 Patent is valid, subsisting and in full force in effect. A true and correct copy of the '053 Patent is appended hereto as Exhibit A.

8.    United States Patent No. 6,317,132, entitled "Computer Animation Method For Creating Computer Generated Animated Characters" ("the '132 Patent"), was duly and legally issued on November 13, 2001. Since that date, NYU has been and continues to be the owner of the '132 Patent. The '132 Patent is valid, subsisting and in full force in effect. A true and correct copy of the '132 Patent is appended hereto as Exhibit B.

9.    Upon information and belief, since the issuance of the '053 Patent in 2000 and the '132 Patent in 2001, Autodesk and/or its related entities, predecessors, subsidiaries or affiliates, including but not limited to Alias, Inc., have imported into the United States, and have manufactured, used, sold and/or offered for sale within the United States and in this Judicial District, computer animation software products, including but not limited to "Autodesk Maya" and "Autodesk 3ds Max."

10.    Defendant Autodesk has actual written notice of the '053 Patent and the '132 Patent.

11.    Upon information and belief, Autodesk has also induced others to import, manufacture, use, sell and/or offer for sale within the United States and in this Judicial District, computer animation software products including but not limited to "Autodesk Maya" and "Autodesk 3ds Max."

3

## Claim for Infringement of the '053 Patent

12.    NYU restates and realleges paragraphs 1-11 of this Complaint as though fully set forth herein.

13.    Autodesk's importation into the United States and its manufacture, use, sale and/or offer for sale of certain of its computer animation software products, including but not limited to "Autodesk Maya" and "Autodesk 3ds Max," within the United States, constitutes infringement of the '053 Patent under 35 U.S.C. § 271(a).

14.    Autodesk has actively induced others to import, manufacture, use, sell and/or offer for sale within the United States and in this Judicial District, computer animation software products, including but not limited to "Autodesk Maya" and "Autodesk 3ds Max," which infringe one or more claims of the '053 Patent. Autodesk's active inducement constitutes infringement of the '053 Patent under 35 U.S.C. § 271(b).

15.    Autodesk's importation into the United States and its promotion, sale and/or offer for sale of certain of its computer animation software products, including but not limited to "Autodesk Maya" and "Autodesk 3ds Max," within the United States, constitutes contributory infringement of the '053 Patent under 35 U.S.C. § 271(c).

16.    On information and belief, Autodesk's infringing activities have continued despite having actual written notice of infringement of the '053 Patent, and have been deliberate, wanton and willful.

17.     Plaintiff NYU will suffer irreparable injury from continued infringement of the '053 Patent by Autodesk if Autodesk's infringing activities are not enjoined by this Court. Plaintiff NYU has no adequate remedy at law.

## Claim for Infringement of the '132 Patent

18.     NYU restates and realleges paragraphs 1-11 of this Complaint as though fully set forth herein.

19.     Autodesk's importation into the United States and its promotion, manufacture, use, sale and/or offer for sale of certain of its computer animation software products, including but not limited to "Autodesk Maya" and "Autodesk 3ds Max," within the United States, constitutes infringement of the '132 Patent under 35 U.S.C. § 271(a).

20.     Autodesk has actively induced others to import, manufacture, use, sell and/or offer for sale within the United States and in this Judicial District, computer animation software products including but not limited to "Autodesk Maya" and "Autodesk 3ds Max" which infringe one or more claims of the '132 Patent. Autodesk's active inducement constitutes infringement of the '132 Patent under 35 U.S.C. § 271(b).

21.     Autodesk's importation into the United States and its promotion, sale and/or offer for sale of certain of its computer animation software products, including but not limited to "Autodesk Maya" and "Autodesk 3ds Max," within the United States, constitutes contributory infringement of the '132 Patent under 35 U.S.C. § 271(c).

22.     On information and belief, Autodesk's infringing activities have continued despite having actual written notice of infringement of the '132 Patent, and have been deliberate, wanton and willful.

23.     Plaintiff NYU will suffer irreparable injury from continued infringement by Autodesk if Autodesk's infringing activities are not enjoined by this Court. Plaintiff NYU has no adequate remedy at law.

### Prayer for Relief

WHEREFORE, plaintiff NYU prays this honorable Court for a judgment in its favor and against defendant Autodesk as follows:

(a)     that Autodesk's manufacture, use, sale and offer for sale of the computer animation software products, including but not limited to "Autodesk Maya" and "Autodesk 3ds Max," infringe the '053 Patent;

(b)     that Autodesk has induced infringement of the '053 Patent;

(c)     that Autodesk has engaged in contributory infringement of the '053 Patent;

(d)     that the Court permanently enjoin Autodesk, its affiliated companies and their officers, directors, agents, servants, employees, dealers and customers, present or prospective, and those in active concert or participation therewith, from importing, offering, manufacturing,

installing, using, selling or inducing others to import, sell, install or use within the United States, the "Autodesk Maya" software package, the "Autodesk 3ds Max" software package, or other products and services that infringe the '053 Patent;

(e)    awarding monetary damages to compensate NYU for Autodesk's infringement of the '053 Patent, pursuant to 35 U.S.C. § 284;

(f)    declaring Autodesk's infringement of the '053 Patent to be wanton, willful and deliberate and awarding plaintiff NYU treble damages, pursuant to 35 U.S.C. § 284;

(g)    that Autodesk's importation, manufacture, use, sale and offer for sale of the computer animation software products, including but not limited to "Autodesk Maya" and "Autodesk 3ds Max," infringe the '132 Patent;

(h)    that Autodesk has induced infringement of the '132 Patent;

(i)    that Autodesk has engaged in contributory infringement of the '132 Patent;

(j)    that the Court permanently enjoin Autodesk, its affiliated companies and their officers, directors, agents, servants, employees, dealers and customers, present or prospective, and those in active concert or participation therewith, from offering, manufacturing, installing, using, selling or inducing others to sell, install or use within the United States,

7

the "Autodesk Maya" software package, the "Autodesk 3ds Max"
software package, or other products or services that infringe the '132
Patent;

(k)    awarding monetary damages to compensate NYU for Autodesk's
infringement of the '132 Patent, pursuant to 35 U.S.C. § 284;

(l)    declaring Autodesk's infringement of the '132 Patent to be wanton, willful
and deliberate and awarding plaintiff NYU treble damages, pursuant to 35
U.S.C. § 284;

(m)    requiring an accounting of infringing sales;

(n)    awarding prejudgment interest and costs;

(o)    that the Court declare that this case is an exceptional case, and award
Plaintiff its reasonable attorney fees, pursuant to 35 U.S.C. § 285; and

(p)    such other and further relief as the Court may deem just and appropriate.

## Jury Trial Demand

NYU hereby demands a trial by jury of this action.

NEW YORK UNIVERSITY

Dated:    July 12, 2006                By _____

Paul D. Ackerman  (PA 1538)
Gary Abelev      (GA 7934)
**DORSEY & WHITNEY L.L.P.**
250 Park Avenue
New York, New York 10117-1500
(212) 415-9372

Ada Meloy  (AM 4092)
Deputy General Counsel
New York University
70 Washington Square South
New York, New York 10012-1091
(212) 998-2258

Attorneys for Plaintiff